UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**BRAZZAZ LLC**, an Illinois limited liability company, d/b/a **BRAZZAZ**, and **SERGIO AGUIRRE**, an individual,<br><br>　　　　　　Defendants. | Civil action no.: |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants, **BRAZZAZ LLC**, an Illinois limited liability company, d/b/a **BRAZZAZ**, and **SERGIO AGUIRRE,** an individual, (hereinafter collectively "defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.)(hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

(A) Defendant, **BRAZZAZ LLC**, d/b/a/ **BRAZZAZ**, is and, at all times hereinafter mentioned, was an Illinois limited liability company with an office and a place of business at 539 N. Dearborn Street, Chicago, Illinois 60654 in Cook County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(B) Defendant, **SERGIO AGUIRRE**, an individual, and a member of defendant **BRAZZAZ LLC,** at all times hereinafter mentioned, actively supervised the day-to-day operations and management of **BRAZZAZ LLC** in relation to its employees. At all times hereinafter mentioned, **SERGIO AGUIRRE** was engaged in business within Cook County at 539 N. Dearborn Street, Chicago, Illinois 60654, within the jurisdiction of this court. **SERGIO AGUIRRE** acted directly or indirectly in the interest of **BRAZZAZ LLC** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

**III**

**BRAZZAZ LLC,** d/b/a **BRAZZAZ,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

IV

**BRAZZAZ LLC,** d/b/a **BRAZZAZ,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants have repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by (a) paying employees wages at a rate of less than $2.13, the minimum cash wage for tipped employees, due to deductions for uniforms and (b) paying an employee wages at a rate of less than the minimum wage of $7.25 due to deductions for a uniform, in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

VI

Defendants have repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees

for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, for hours worked in excess of forty (40) hours per week, tipped employees were paid a rate of one and one-half times the tipped employees' cash wage rather than one and one half the regular rate for tipped employees.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of restaurant employees as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees.

## VIII

During the period since April 21, 2012, defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

  **A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

  **B.** For an Order:

   **1.** pursuant to section 16(c) of the Act, finding defendants liable for unpaid minimum wage and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

   **2.** pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

  **C.** For an Order awarding plaintiff the costs of this action; and

      **D.**    For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | **M. PATRICIA SMITH**<br>Solicitor of Labor |
|  | **CHRISTINE Z. HERI**<br>Regional Solicitor |
| P.O. ADDRESS: | /s/Barbara A. Goldberg<br>**BARBARA A. GOLDBERG** |
| Office of the Solicitor<br>U.S. Department of Labor | Senior Trial Attorney |
| 230 S. Dearborn St., Room 844<br>Chicago, Illinois 60604<br>Telephone No.: 312/353-5747<br>E-mail: Goldberg.Barbara@dol.gov | Attorneys for **THOMAS E. PEREZ**,<br>Secretary of Labor, United States<br>Department of Labor, Plaintiff |