UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor,<br>United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil action no.: 1:15-cv-03495 |
| | ) | Hon. John J. Tharp, Jr. |
| **BRAZZAZ LLC**, an Illinois limited liability<br>company, d/b/a **BRAZZAZ**, and<br>**SERGIO AGUIRRE**, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor,

having filed his complaint and defendants, **BRAZZAZ LLC,** an Illinois limited liability company

d/b/a **BRAZZAZ, and SERGIO AGUIRRE,** an individual (hereinafter referred to as "defendants"),

having appeared by counsel and having been duly advised in the premises, without admitting any of

the allegations in the complaint, agree to the entry of this judgment without contest.

**NOW**, therefore, upon motion of attorneys for plaintiff and defendants, and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against defendants pursuant to sections 16(c) and 17

of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*, (hereinafter "the

Act"), as follows.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the

Act, that the defendants, their officers, agents, servants, employees, and all persons in active concert

or participation with them be and hereby are, permanently enjoined and restrained from violating the

provisions of the Act, in any of the following manners.

## I

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, at a rate less than $7.25 per hour or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act.

## II

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which they are employed.

## III

Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

## IV

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the plaintiff and against the defendants in the total amount of $9,412.94.

A. Defendants shall pay to the plaintiff the sum of $4,706.47, which represents the unpaid minimum wage and overtime compensation hereby found to be due the present and former

employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein for the period of April 21, 2012 through November 30, 2013.

  **B.**  Defendants shall further pay to plaintiff as liquidated damages the additional sum of $4,706.47 hereby found to be due the present and former employees named in Exhibit A for the period of April 21, 2012 through November 30, 2013, in the amounts set forth therein.

**V**

  The monetary provisions of Paragraph IV of this judgment shall be deemed satisfied by defendants, upon the following:

  **A.**  Defendants shall deliver to plaintiff a payment of $ 9,412.94 at the time this judgment is filed with the court.  Defendants shall deliver to plaintiff the aforesaid payment via a certified check or cashier's check made payable to the order of the "Wage and Hour Div., Labor," and equal to the gross amount due as set forth above.  Defendants also shall provide plaintiff a schedule, in duplicate, showing the name, last-known address, and social security number for each employee named in Exhibit A.

  **B.**  Plaintiff shall distribute the proceeds of the aforesaid payment (less legal deductions for each employee's share of social security and Federal withholding taxes) to the persons enumerated in Exhibit A or to their estates, if that be necessary and any amounts of unpaid compensation and  liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.  Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

3

## VI

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

## VII

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(e)(2) of the Act, in favor of the plaintiff and against the defendants in the total amount of $2,805.00, which represents civil money penalties. The provisions of this paragraph shall be deemed satisfied by defendants delivering to plaintiff, at the time this judgment is filed with the court, a certified check or cashier's check made payable to the order of the "Wage and Hour Div., Labor," with a notation of "penalties" written on the check.

**VIII**

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.


Dated __11/16/2015_.


_____
**JOHN J. THARP, JR.**
United States District Court Judge


**BRAZZAZ LLC d/b/a BRAZZAZ**
and **SERGIO AGUIRRE**

**M. PATRICIA SMITH**
Solicitor of Labor


/s/ with consent of Sergio Aguirre_
**SERGIO AGUIRRE**
As a Member of Brazzaz LLC
and as an individual

**CHRISTINE Z. HERI**
Regional Solicitor


/s/ with consent of Ira T. Kaufman
**IRA T. KAUFMAN**
Attorney for the Defendants

/s/ Barbara A. Goldberg_____
**BARBARA A. GOLDBERG**
Attorneys for the Plaintiff


Ira T. Kaufman
Ira T. Kaufman, P.C.
661 W. Lake St., Suite 1W
Chicago, IL 60661
Tel. no.: (312) 993-0030
Ira@kaufmanlaw.info

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Rm. 844
Chicago, Illinois 60604
Tel. no.: (312) 353-5747
Goldberg.Barbara@dol.gov

**EXHIBIT A**

| Last Name | First Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| Abreu | Paulo | $ 71.96 | $ 71.96 |
| Argueta | Marvin | $ 209.14 | $ 209.14 |
| Camacho | Eric | $ 99.04 | $ 99.04 |
| Camacho | Miguel | $ 102.81 | $ 102.81 |
| Cardona | Josue | $ 22.49 | $ 22.49 |
| Diaz | Carlos | $ 611.71 | $ 611.71 |
| Duran | Daniel | $ 32.87 | $ 32.87 |
| Espana | Juan | $ 29.34 | $ 29.34 |
| Farias | Natanael | $ 53.80 | $ 53.80 |
| Garcia | Alejandro | $ 70.80 | $ 70.80 |
| Garduno | Abraham | $ 51.33 | $ 51.33 |
| Gelazius | Anthony | $ 29.66 | $ 29.66 |
| Gloria | Cesar | $ 278.71 | $ 278.71 |
| Hernandez | David | $ 49.75 | $ 49.75 |
| Jeonghyeon | Jeon | $ 35.13 | $ 35.13 |
| Li | Shawn | $ 628.65 | $ 628.65 |
| Lopez | Rodrigo | $ 121.30 | $ 121.30 |
| Marin | Angel | $ 137.46 | $ 137.46 |
| Mattos | Vitor | $ 170.93 | $ 170.93 |
| Montesinos | Daniel | $ 36.73 | $ 36.73 |
| Nunes | Rumualdo | $ 24.87 | $ 24.87 |
| O'Connell | Thomas | $ 63.50 | $ 63.50 |
| Oliver | Aldo | $ 25.83 | $ 25.83 |
| Quieroz | Thiago | $ 288.37 | $ 288.37 |
| Ruiz | Juan | $ 26.88 | $ 26.88 |
| Salgado | Jaime | $ 42.94 | $ 42.94 |
| Stoykov | Nikola | $ 188.51 | $ 188.51 |
| Suchuzhanay | Juan | $ 26.91 | $ 26.91 |
| Valencia | Juan | $ 157.16 | $ 157.16 |
| Valient | Christiano | $1,017.89 | $1,017.89 |
| | **TOTALS:** | **$4,706.47** | **$4,706.47** |